Case 4:16-cv-02294 Document 5 Filed in TXSD on 08/03/16 Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
August 04, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VALENTINE FACUNDO, <br> BOP #33945-380, <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, <br> Texas Department of Criminal <br> Justice - Correctional <br> Institutions Division, <br><br> Respondent.[1] | § § § § § § § § § § § § § § | CIVIL ACTION NO. H-16-2294 |

**MEMORANDUM OPINION AND ORDER**

Valentine Facundo (BOP #33945-380) has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion") (Docket Entry No. 1). Because Facundo challenges a state court judgment of conviction, his Motion is construed as a petition for a writ of habeas corpus governed by 28 U.S.C. § 2254 ("Petition"). After considering the pleadings and the applicable law as required by Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, the court will dismiss this case for the reasons explained below.

---

[1] Petitioner is in federal custody and names the United States as the respondent. Because he challenges a state court conviction, the court substitutes Director Lorie Davis of the Texas Department of Criminal Justice - Correctional Institutions Division as the proper respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts.

## I. Background

Facundo was charged with aggravated sexual assault of a child in Harris County cause number 698837.[2] On January 10, 1996, a jury found Facundo guilty as charged.[3] He received a 30-year prison sentence in that case.[4]

On direct appeal Facundo challenged the sufficiency of the evidence. The intermediate court of appeals rejected his argument after summarizing the evidence presented at trial:

> On July 18, 1995, Officer David Williams ("Officer Williams") arrested Valentine Facundo ("Facundo") for the aggravated sexual assault of a seven year old girl ("the complainant"). According to the complainant, her cousin, Carla ("Carla"), sent her to Carla's apartment, which she shared with Facundo, to retrieve Carla's food stamp card. While retrieving this card, Facundo grabbed her and threw her on the bed. Facundo removed both the complainant's and his own clothes. According to the complainant, Facundo repeatedly inserted his penis into her vagina, but he withdrew before ejaculation. During the rape, the complainant testified she screamed for her mother. When Facundo let her go, the complainant ran upstairs and told Carla and her mother what had occurred. Carla called the police. After Officer Williams arrived, the frightened complainant told him that Facundo attacked her. Officer Williams went downstairs and Carla identified Facundo. After complaining of vaginal pain, the complainant was admitted to a hospital for a week. A doctor's examination revealed that the complainant's vagina was red and swollen and the vaginal opening was larger than normal for a child of her age. However, the examination revealed no semen, bleeding, or tearing. At trial, a doctor testified that even without the presence of semen, blood, or tears, the complainant's injuries were

---

[2]Motion, Docket Entry No. 1, p. 1.

[3]Id.

[4]Id.

> consistent with the sort of trauma to the tissue such as those caused by the penetration of a penis.

Facundo v. State, 971 S.W.2d 133, 134 (Tex. App. — Houston [14th Dist.] 1998). The Texas Court of Criminal Appeals denied Facundo's petition for discretionary review from that decision. Facundo v. State, No. PD-1163-98 (Tex. Crim. App. Sept. 16, 1998).

Facundo filed two post-conviction motions for DNA testing pursuant to Chapter 64 of the Texas Code of Criminal Procedure, which were denied by the trial court. Both denials were affirmed on appeal. See Facundo v. State, No. 14-03-00592-CR, 2004 WL 502979 (Tex. App. — Houston [14th Dist.] March 16, 2004, no pet.); Facundo v. State, No. 14-10-01106-CR, 2011 WL 6046496 (Tex. App. — Houston [14th Dist.] Dec. 6, 2011, pet. ref'd).

Facundo executed the pending federal habeas corpus petition on July 14, 2016,[5] challenging his conviction in cause number 698837.[6] Facundo contends that he is entitled to relief for the following reasons: (1) the prosecution failed to disclose evidence favorable to the defendant; (2) his conviction was the result of evidence

---

[5] Motion, Docket Entry No. 1, p. 13.

[6] The Supreme Court has clarified that, for jurisdiction to attach, a habeas corpus petitioner must be "in custody" at the time his petition is filed. Carafas v. LaVallee, 88 S. Ct. 1556, 1560 (1968). Court records show that Facundo is currently in federal custody serving a 46-month sentence as the result of his conviction for illegal reentry into the United States following deportation. See United States v. Manolio Valentin Facundo-Martinez, Crim. No. 14-0475-01 (W.D. Del Rio Div. Jan. 5, 2015). Presumably, his federal sentence is a collateral consequence of his underlying conviction in Harris County cause number 698837. Accordingly, the court does not address this issue further.

obtained during an unlawful arrest; (3) he was denied effective assistance of counsel; and (4) he is actually innocent.[7] These claims concern inconsistent affidavits that were submitted during Facundo's initial post-conviction DNA proceeding.[8] Although these affidavits appear to have been submitted in 2003, Facundo claims that they are "newly discovered evidence" of his actual innocence.[9]

Court records confirm that Facundo filed a previous federal habeas corpus petition to challenge his conviction and subsequent post-conviction DNA proceedings in cause number 698837. The district court denied relief and dismissed that petition with prejudice. See Facundo v. Stephens, Civil No. H-12-1417 (S.D. Tex. July 8, 2013). Facundo did not pursue an appeal.

## II. Discussion

This case is governed by the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2244(b), which imposes restrictions on the filing of "second or successive" applications for habeas relief. Before a second or successive application permitted by this section may be filed in the district court the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider

---

[7]Motion, Docket Entry No. 1, pp. 4-8.

[8]Appellant's Brief, Docket Entry No. 1, pp. 23, 27 (describing the conflicting affidavits).

[9]"Memorandum in Support of Defendant's Motion Under 28 U.S.C. § 2255 Brought Under Newly Discovered Evidence Actual Innocence Under the Tuley Standard in Violation of the Defendant 14th Amendment Right to U.S.C.," Docket Entry No. 3, p. 2.

the application. See 28 U.S.C. § 2244(b)(3)(A). To the extent that the pending Petition qualifies as a successive writ, the court has no jurisdiction to consider it absent prior authorization from the Fifth Circuit.

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." In re Cain, 137 F.3d 234, 235 (5th Cir. 1998). A subsequent application is second or successive when it (1) "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition;" or (2) "otherwise constitutes an abuse of the writ." Id.; see also United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000). The claims presented in Facundo's pending Motion could have been raised in his earlier federal habeas corpus proceeding. The pending Motion therefore meets the second-or-successive criteria.

The issue of whether a habeas corpus petition is successive may be raised by the district court sua sponte. See Rodriguez v. Johnson, 104 F.3d 694, 697 (5th Cir. 1997). Because the pending Petition is successive, Facundo is required to seek authorization from the Fifth Circuit before this court can consider his application. See 28 U.S.C. § 2244(b)(3)(A). "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had

some merit." United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000) (citing In re Cain, 137 F.3d 234, 235 (5th Cir. 1998)). Facundo has not presented the requisite authorization. Absent such authorization this court lacks jurisdiction over the Petition. Id. at 775. Accordingly, to the extent that Facundo seeks relief from his conviction in Harris County cause number 698837 his Motion will be dismissed as an unauthorized successive writ.[10]

## III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the

---

[10]Alternatively, the conviction at issue became final in 1998, and the evidence on which the proposed claims are based was presented in state court in 2003, at the latest. The statute of limitations on Facundo's claims expired over a decade ago. See 28 U.S.C. § 2244(d)(1). Notwithstanding Facundo's claim of actual innocence, which is both stale and unsubstantiated, he presents no basis for statutory or equitable tolling. For this additional reason, the Petition is subject to dismissal.

petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, the court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

### IV. Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. Petitioner's motion to proceed in forma pauperis (Docket Entry No. 2) is **GRANTED**.

2. The federal habeas corpus petition filed by Valentine Facundo (Docket Entry No. 1) is **DISMISSED without prejudice** as an unauthorized successive petition.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 3rd day of August, 2016.

SIM LAKE
UNITED STATES DISTRICT JUDGE